FILED
01 JAN 10 PM 3:35
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs. CIVIL ACTION NO. 8:01-CV-59-T-27-MAP

LESLIE D. BREWER,

Defendant.
_______________________/

**IN CAMERA - FILED UNDER SEAL**

## COMPLAINT

The United States of America on behalf of the Federal Communications Commission (FCC), by and through the undersigned Assistant United States Attorney, files this Complaint to recover an outstanding debt and states the following:

1. This is an action brought by the plaintiff United States of America against the defendant LESLIE D. BREWER.

2. This court has jurisdiction pursuant to 28 U.S.C. § 1345.

3. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(c) as the place where the defendant resides.

4. According to plaintiff's information and belief, the defendant resides at 6122 Liberty Avenue, Temple Terrace, Florida 33617.

COUNT I

5. On or about January 11, 1996, FCC agents of the Compliance and Information Bureau's Tampa District Office (Compliance Bureau) intercepted radio broadcast transmissions on 102.1 MHz.

6. On January 12, 1996, using close-in direction finding techniques, the agents located the source of the transmissions as 6122 Liberty Avenue, Temple Terrace, Florida. The defendant was not at home on this date, but the agents spoke with him by telephone, through the assistance of his wife. The agents warned the defendant about operating a radio station without authorization.

7. The radio station was subsequently turned off.

8. On January 17, 1996, the FCC Compliance Bureau sent a letter to the defendant. This letter stated:

> Under the Communications Act and the Commission's Rules and Regulations, radio transmitting apparatus, other than certain low powered devices operated in accordance with Part 15 of the Commission's Rules, may be operated only upon issuance by this Commission of a station license covering such apparatus. Unlicensed operation may subject the operator to serious penalties provided for in the Communications Act, including for a first offense a maximum fine of $10,000 or 1 year imprisonment, or both, and for subsequent offenses a fine of $10,000 or 2 years imprisonment, or both.

9. On January 29, 1996, the FCC Compliance Bureau received a letter from the defendant stating that the station had been on the air for approximately five years, and he had corrected the transmitter power and would operate the station within the guidelines for low power radio broadcast operations.

10. On February 16, 1996, FCC engineers conducted a follow-up investigation and determined that the defendant was operating the radio station above the authorized levels for a low power radio broadcast.

11. On April 3, 1996, the FCC Compliance Bureau issued a Notice of Apparent Liability (NAL) to the defendant for monetary forfeiture of $1,000.00 for violation of 47 U.S.C. § 301 due to the unauthorized operation of an FM radio station on 102.1 MHz.

12. On May 6, 1996, the FCC Compliance Bureau received a letter dated April 25, 1996, from the defendant questioning the precision of the FCC engineers' measurement techniques and the training and the technical competency of the FCC engineers.

13. On June 19, 1996, the FCC Compliance Bureau issued a Forfeiture Order to the defendant in the amount of $1,000.00. The Order also addressed defendant's concerns about the precision of the FCC engineers' measurement techniques and the training and the technical competency of the FCC engineers. The Order stated that the FCC engineers had performed the established investigative techniques used by FCC staff and noted that the defendant did not challenge the FCC engineers' training and competency on January 12, 1996, during the inspection of the radio station. The Order also noted that the defendant had stated in his January 29, 1996, letter to the FCC Compliance Bureau of his intention to comply with the FCC requirements for operating a low power radio station.

14. On July 18, 1996, the FCC received an Application For Review of Action Taken Pursuant to Delegated Authority appealing the imposition of the monetary forfeiture of $1,000.00.

15. On August 29, 1997, the Federal Communications Commission's Acting Secretary William F. Caton issued an Order denying the defendant's application for review and ordering the defendant to pay the $1,000.00 monetary forfeiture within thirty days of the date of the Order. The Order also stated instruction for payment of the monetary forfeiture.

16. The United States of America is the party to whom the debt is owed. The aforesaid debt is in default and the defendant has failed, neglected or refused to make payment.

17. The FCC has not received any payment on the aforesaid debt since the final Order confirming the forfeiture was issued on August 29, 1997.

18. The United States of America has elected and does hereby elect to declare currently due and owing said debt in the principal amount of $1,000.00.

COUNT II

19. In early 1997, an agent from the Compliance Bureau visited the defendant's 2-Way Radio, 6610-D Fowler Avenue, Temple Terrace, FL 33617, to ask about transmitters that would operate in the FM broadcast band and was offered a 40-watt FM transmitter by the defendant. During this visit, the defendant indicated that he assembles such transmitters daily, but there was no indication that the transmitters assembled by the defendant were authorized by the FCC.

20. In July 1997, the Compliance Bureau mailed an official notice to the defendant informing him that he was required to obtain authorization from the FCC before marketing radio frequency devices, and warning the defendant of possible penalties for marketing transmitters without such authorization. The defendant's denied manufacturing or marketing any products which required FCC authorization.

21. On July 21, 1997, the defendant responded to the FCC's official notice, requesting an interview.

22. The Compliance Bureau received the defendant's request on July 25, 1997, and made several attempts to contact the defendant's attorney to arrange a meeting. Neither the defendant or his counsel responded.

23. On August 9, 1998, an agent from the Compliance Bureau , posing as a member of the general public, sent an electronic mail (e-mail) message to the defendant requesting information regarding purchasing a 20-watt transmitter. The defendant responded listing a price and providing an address where payment could be sent.

24. On August 25, 1998, the Compliance Bureau submitted a money order to the defendant for payment for the transmitter.

25. On September 28, 1998, the Compliance Bureau received the fully assembled 20-watt FM broadcast transmitter from the defendant. The transmitter operated on a frequency of 91.8975 MHz with an output power of 20 watts. There was no indication that the transmitter was authorized by the FCC and there was no FCC identifier affixed to the transmitter.

26. On August 5, 1999, the Compliance Bureau issued a NAL to the defendant for monetary forfeiture in the amount of $10,000 for violation of 47 U.S.C. § 302a(b) and 47 C.F.R. § 2.803(a)(1).

27. The defendant responded to the NAL on August 23, 1999, denying that he e-mailed anyone from the FCC or delivering to the FCC a radio transmitter. The defendant contends that he sells radio "kits for educational purposes" and requested a meeting with the FCC.

28. The FCC made several attempts to contact the defendant or his attorney to arrange an interview meeting. Neither the defendant nor his counsel responded to the inquiries.

29. On March 3, 2000, a Forfeiture Order was issued to the defendant conforming the forfeiture amount of $10,000. The Forfeiture Order was sent to the defendant by letter dated August 18, 2000.

30. The United States of America is the party to whom the debt is owed. The aforesaid debt is in default and the defendant has failed, neglected or refused to make payment.

31. The FCC has not received any payment on the aforesaid debt since the final Order confirming the forfeiture was issued on March 3, 2000.

32. The United States of America has elected and does hereby elect to declare currently due and owing said debt in the principal amount of $10,000.00.

WHEREFORE the United States of America demands judgment against the defendant Leslie D. Brewer in the amount of $11,000.00, as set forth above, together with interest thereon, the costs of this action, and any other relief which this court deems just and proper.

Respectfully submitted,

**DONNA A. BUCELLA**
United States Attorney

By: [signature]
**PATRICIA A. WILLING**
Assistant United States Attorney
Florida Bar No. 340251
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: 813-274-6321
Facsimile: 813-274-6198

Dated: January 10, 2001.